Argued March 1, reversed and remanded April 2, 1965

STATE OF OREGON *v.* ADAMS

400 P. 2d 556

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*John D. Burns,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

SLOAN, J.

On July 10, 1963, an Information of Felony was filed in the municipal court for the city of Portland,

charging defendant with the crime of burglary not in a dwelling. A warrant was issued for defendant's arrest. On October 18, 1963, defendant was arrested by the Albany city police. Later that same day two police officers from Portland came to Albany and took defendant into their custody pursuant to the warrant. Later defendant was indicted for the same crime. He was tried by a jury and convicted. He appeals from the judgment entered.

The only question on appeal was the admissibility into evidence of oral statements made by defendant to the Portland police officers enroute from Albany to Portland. When the testimony of one of the officers relative to the statements was offered, defendant objected to the testimony. He objected because the statements were obtained before he was advised of his right to counsel. The evidence disclosed this to be true. The court admitted the officer's testimony about the statements.

The facts of this case are within the restrictions of *Escobedo v. State of Illinois,* 1964, 378 US 478, 84 S Ct 1758, 12 L Ed2d 977, and of *State v. Neely,* 1965, 239 Or 487, 398 P2d 482. When the defendant was questioned he was already charged with the crime. The inquiry had, of course, focused on him, and he had not been advised of his right to counsel or of his right to remain silent.

The state argues that the statements were exculpatory and were properly admitted for that reason. The statements were damaging and prejudicial. They were not admissible. The case must be remanded for a new trial.